IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FRANCIS FENTON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-5484 |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS and PROBATION AND PAROLE, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                   January 31, 2019

The *pro se* plaintiff has sought leave to proceed *in forma pauperis* and filed a complaint under 42 U.S.C. § 1983 against Pennsylvania's Department of Corrections, one of its correctional facilities, and the Pennsylvania Board of Probation and Parole based on allegations that he remained incarcerated on a parole violation for 53 days past his maximum date. The court will grant the plaintiff's request for leave to proceed *in forma pauperis*. In addition, although the plaintiff has seemingly asserted a potential Eighth Amendment violation for his detention beyond his maximum date, the court must dismiss the complaint because the Eleventh Amendment deprives the court of subject-matter jurisdiction to hear the claim against the named defendants and, even if it did not, the named defendants are not "persons" subject to suit under section 1983. The court will allow the plaintiff the opportunity to identify a plausible claim against a proper defendant by giving him leave to file an amended complaint.

**I.     ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, William Francis Fenton ("Fenton") filed an application for leave to proceed *in forma pauperis* and a complaint on December 20, 2018. *See* Doc. Nos. 1, 2. Because

Fenton failed to include sufficient financial information to allow the court to determine whether he has the means to pay the filing fee to commence this case, the court entered an order on December 21, 2018, which denied the application for leave to proceed *in forma pauperis* without prejudice to Fenton filing a completed application within 30 days of the order. *See* Order, Doc. No. 4.[1] Fenton timely filed a completed application for leave to proceed *in forma pauperis* (the "IFP Application") on January 15, 2019. *See* Doc. No. 6.

In the complaint, Fenton alleges that on January 12, 2017, he was "recommitted to SCI Graterford as a tech parole violator. [He] was to serve the remainder of [his] maximum sentence of 22 days – max date Feb 3, 2017[, but he] was not released until March 28th 2017." Compl. at ECF p. 5, Doc. No. 2. He states that he suffered "mental injuries," stress, and depression for the 53 additional days because he did not know when he was going to go home. *See id.* at ECF p. 6. For relief, he seeks compensation "for being illegally detained for 53 days." *Id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in

---

[1] The order appears to have been docketed twice. *See also* Doc. No. 5.

*forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Fenton is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.**     **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Fenton leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous

under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Fenton bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C. Analysis

Although Fenton does not expressly reference a cause of action in the complaint, it appears that he is attempting to bring an action against the defendants under 42 U.S.C § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988). As noted above, Fenton claims that the defendants violated his rights when he was imprisoned for 53 days beyond his maximum sentence date. An inmate's detention beyond the maximum term of imprisonment could constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Sample v. Diecks*, 885 F.2d 1099, 1107–10 (3d Cir. 1989) (concluding that plaintiff's detention beyond expiration of his maximum term could violate Eighth Amendment and describing requirements for plaintiff attempting to assert this type of claim). Nonetheless, as discussed below, Fenton cannot maintain such a claim against the named defendants.

Fenton has named the Commonwealth of Pennsylvania Department of Corrections ("DOC") and "Probation and Parole" as defendants in the caption of the complaint, and he lists "Graterford Prison" (instead of the DOC) in the body of the complaint. *See* Compl. at ECF pp. 3–4. Presuming that Fenton intended to include both the DOC and SCI–Graterford as defendants, Fenton cannot maintain a section 1983 claim against any of the three defendants.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This Amendment

> has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court. Indeed, it has been recognized for over two hundred years that a state's immunity from suit in federal court is a fundamental principle of our constitutional structure that preserves, as intended by the Framers, the respect and dignity of the states and protects the ability of the states "to govern in accordance with the will of their citizens."

*Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (quoting *Alden v. Maine*, 527 U.S. 706, 751 (1999)). The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

The Pennsylvania DOC and SCI–Graterford "share[] in the Commonwealth[of Pennsylvania's] Eleventh Amendment immunity." *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); *Dickerson v. SCI Graterford*, 453 F. App'x 134, 137 (3d Cir. 2011) (per curiam).[2]

---

[2] The court recognizes that "Eleventh Amendment immunity is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation omitted).

As for the first exception to Eleventh Amendment immunity, Congress did not intend to abrogate Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 344–45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the

In addition, the Pennsylvania Board of Probation and Parole is immune from suit under the Eleventh Amendment.[3] *See Spuck v. Pa. Bd. of Prob. and Parole*, 563 F. App'x 156, 158 (3d Cir. 2014) (per curiam) ("As the District Court correctly determined, the Eleventh Amendment affords the [Pennsylvania Board of Probation and Parole] protection from suit in an action brought pursuant to 42 U.S.C. § 1983." (citing *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986))). Furthermore, even if the Eleventh Amendment did not bar these claims, "the Department of Corrections [and the individual state correctional institutions, such as SCI – Graterford,] are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."[4] *Pettaway v. SCI Albion*, 487 F.

---

States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). Concerning the second exception, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also Lavia*, 224 F.3d at 195 (explaining that Pennsylvania has not waived Eleventh Amendment immunity). For the final exception, Fenton has not named any individuals as defendants in this action and, even if he did, he does not seek declaratory or injunctive relief for an ongoing constitutional violation. Accordingly, none of the exceptions apply.

[3] The court has interpreted Fenton's reference to "Probation – Parole Dept" to reference the Pennsylvania Board of Probation and Parole because he alleges that he was recommitted to a Pennsylvania State Correctional Institution, namely SCI–Graterford. Nonetheless, even if Fenton was referring to a county probation or parole department, the Eleventh Amendment would still bar any claim because county probation and parole departments, which are part of Pennsylvania's judicial districts, are state entities for purposes of Eleventh Amendment immunity. *See Haybarger v. Lawrence Cty. Adult Prob. and Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("We have held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity. The Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities. As an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity." (internal citations omitted)); *Henry v. Philadelphia Adult Prob. and Parole*, 297 F. App'x 90, 91 n.1 (3d Cir. 2008) ("[Philadelphia Adult Probation and Parole ("PAPPD")] is an arm of the Commonwealth of Pennsylvania and not the City of Philadelphia. The Eleventh Amendment would have barred any claims on appeal against the PAPPD." (internal citation omitted)); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (concluding that judicial district has Eleventh Amendment immunity). Furthermore, a county probation and parole department is not a "person" subject to suit under section 1983. *See Beaver v. Del. Cty. Prob. and Parole*, Civ. A. No. 15-2784, 2016 WL 4366977, at *3, n.5 (E.D. Pa. Aug. 16, 2016) (concluding that Delaware County Probation and Parole "is not a 'person' who may be sued under § 1983" (citation omitted)).

[4] Section 1983 provides in pertinent part as follows:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against

App'x 766, 768 (3d Cir. 2012) (per curiam). The Board of Probation and Parole is also not a "'person' within the meaning of section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977). Accordingly, Fenton cannot maintain his section 1983 claim against any of the named defendants.

**D.     Leave to Amend**

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court will allow Fenton to have an opportunity to amend his complaint should he be able to assert a plausible claim for relief against a proper defendant.

**III.    CONCLUSION**

For the foregoing reasons, the court will grant Fenton leave to proceed *in forma pauperis* and dismiss his complaint for lack of subject-matter jurisdiction and for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Fenton's right to file an amended complaint within 30 days if he can set forth a plausible claim for relief against a proper defendant.

---

a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* (emphasis added). As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995).

The court will enter a separate order.

                                            BY THE COURT:

                                            /s/ *Edward G. Smith*
                                            EDWARD G. SMITH, J.